IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON R. CRUMP, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. |
| MIRACAPO PIZZA COMPANY LLC, D/B/A LITTLE LADY FOODS, and LITTLE LADY FOODS, INC., | ) JURY TRIAL DEMANDED |
|           Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, JASON R. CRUMP ("CRUMP"), by and through his attorneys, TRENT LAW FIRM, P.C., complaining against the Defendants in this matter, MIRACAPO PIZZA COMPANY LLC d/b/a LITTLE LADY FOODS and LITTLE LADY FOODS, INC. ("LITTLE LADY" or "DEFENDANTS") states as follows:

## PARTIES

1. Plaintiff CRUMP is an adult, African American male citizen who resides within the territorial jurisdiction of the District Court.

2. Defendant LITTLE LADY is licensed to do business in the State of Illinois. At all times relevant to this Complaint, LITTLE LADY did business within the territorial jurisdiction of the District Court.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, and its supplemental jurisdiction over the state claims under 28

U.S.C. § 1367 where appropriate.

    4.    Jurisdiction is invoked pursuant to 42 U.S.C. § 1981 including 42 U.S.C. § 1981a(c)(2) (limits do not apply to back pay or front pay, which is awarded under 42 U.S.C. § 2000e5(g)(1)).

    5.    All jurisdictional prerequisites to a lawsuit have been met to wit:

    a.    On November 7, 2018, CRUMP filed a charge of discrimination alleging discrimination based on race and retaliation which was perfected by the Illinois Department of Human Rights ("Department") and by a work sharing agreement between the Department and the Equal Employment Opportunity Commission ("EEOC") was cross-filed and perfected at both agencies;

    b.    The charge was filed at the Department;

    c.    The charge was perfected by the IDHR and thus was perfected at both the IDHR and the EEOC;

    d.    The charge was assigned EEOC Charge No. 440-2018-07230 (*see* Exhibit A);

    e.    The charge pursuant to the work-sharing agreement between agencies was filed within 300 days of the date of the last act of discrimination, retaliation and harassment, which was and were on-going through the date CRUMP was terminated;

    f.    CRUMP received a Right-to-Sue letter from the EEOC dated November 29, 2018 (*see* Exhibit B);

    g.    This lawsuit is being filed within 90 days of the date of receipt of the Right-to-Sue letter (*see* Exhibit B);

    6.    CRUMP is raising claims that all flow out of a common nucleus of common facts

and parties.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because:

    a. all of the Defendants "reside" in this jurisdictional district, in the sense that they all conduct substantial business and engage in significant interstate commerce out of this jurisdictional district of a sufficient kind and amount to establish the minimum contacts necessary to subject them to the personal jurisdiction of this court;

    b. Defendant LITTLE LADY, is believed to only conduct business in this court's jurisdictional district;

    c. all events or omissions giving rise to Plaintiff's claims occurred here in this jurisdictional district.

## FACTS

8. Miracapo Pizza Company LLC is doing business as Little Lady Foods and is properly filed with the Illinois Secretary of State's Office under file no. 07148313 and has an active status.

9. Little Lady Foods, Inc. is properly filed with the Illinois Secretary of State's Office under file no. 39625849 and currently has a status of conversion.

10. LITTLE LADY provides services at facilities in Gurnee and Elk Grove Village, Illinois.

11. LITTLE LADY is a Contract Food Manufacturer and makes specialty frozen pizzas.

12. LITTLE LADY hired CRUMP on or about February 2, 2016 as a full-time robot operator and material handler.

13. Plaintiff CRUMP is an African American male and other similarly situated employees were Non-African American.

14. LITTLE LADY terminated CRUMP'S employment, without legitimate cause or reason, on or about February 27, 2018.

15. During the course of his employment, CRUMP completed all of his goals, maintained positive performance reviews, and met or exceeded his job duties.

16. CRUMP'S job duties, prior to termination consisted of pre-operations as well as robot operator, and materials handler.

17. CRUMP was the only African American on his shift while other similarly situated employees were Caucasian or Hispanic.

18. That none of CRUMP'S Supervisors were African American.

19. That upon information and belief, all supervisors and managers during the course of CRUMP's employment were either Hispanic or Caucasian.

20. That upon information and belief, there were only two (2) other African American employees employed at LITTLE LADY during the course of CRUMP's employment.

21. That on a daily basis for two years, safety meetings were held only in the Spanish language.

22. CRUMP complained to the supervisor, manager and plant manager that he was unable to understand the safety meetings because they were held in Spanish and CRUMP only speaks the English language.

23. That despite the fact that CRUMP complained to the supervisor, manager and plant manager regarding the safety meetings being held in Spanish only, still no action was taken to remedy CRUMP's complaints regarding the safety meetings being held in the Spanish language.

24. That CRUMP additionally complained to Lee Hodson ("HODSON"), Vice President of Operations, regarding the safety meetings held in Spanish on numerous occasions and HODSON advised CRUMP not to sign off on the meetings.

25. That despite the fact that CRUMP complained to HODSON, and did not sign off on the meetings, still no action was taken to remedy the situation.

26. That CRUMP would arrive early at work in order to conduct pre-operations.

27. That CRUMP was not provided with a locker whereas all other similarly situated non-African American employees were provided with a locker.

28. That CRUMP, as a result of not having a locker, in order to secure the equipment he was given by LITTLE LADY to conduct pre-operations, would return the equipment to his vehicle after finalizing pre-operations and before initiating his main shift.

29. That the supervisor would continuously harass CRUMP and give him written reprimands for being late because he left the building to secure the equipment in his vehicle due to the fact that LITTLE LADY failed to provide him with a locker.

30. That during the course of his employment, one of CRUMP's supervisors was Patrick ("PATRICK"), last name unknown, a Caucasian.

31. That on one occasion, PATRICK gave CRUMP a written warning for points that he had not accumulated.

32. That CRUMP spoke with Miriam ("MIRIAM"), last name unknown, a Hispanic that worked in Human Resources, and she confirmed that CRUMP only had accumulated two (2) points.

33. Despite that, PATRICK gave CRUMP a final warning without taking into consideration that he only had two (2) points in his file.

5

34. That LITTLE LADY has an employee handbook which establishes the policies and procedures for the employees to receive written and verbal warnings, suspensions, and terminations.

35. That during the course of CRUMP's employment, the supervisors and managers did not properly adhere to the employee handbook when attempting to discipline CRUMP for his alleged violations.

36. That the Caucasian and Hispanic supervisors and managers did not adhere to the policies and procedures of the employee handbook when disciplining CRUMP due to their discrimination toward CRUMP and harassment of him.

37. That on another occasion, CRUMP was given a written warning by Arron Meo ("MEO"), a non-African American supervisor, and he was suspended for one day without pay and escorted off the job for being sixteen (16) minutes late after returning from lunch.

38. At that time, CRUMP had only accumulated two (2) points pursuant to the employee handbook and by suspending CRUMP, LITTLE LADY violated their employee handbook and did not follow the progressive discipline process in disciplining CRUMP in order to treat him disparately.

39. That after complaining on numerous occasions for not having a locker and being written up for tardiness, CRUMP was finally provided with a locker, but was forced to share said locker with another African American employee.

40. That upon information and belief, the non-African American employees did not have to share a locker.

41. That during the course of CRUMP's employment, he was given lead responsibilities in the packaging department and CRUMP was never compensated for that work for the six (6) months that he was in that position.

42. That upon information and belief, all non-African American employees were fully compensated for the work they performed.

43. That another employee, Jose Rivera ("RIVERA"), a Hispanic, was similarly situated to CRUMP in that he was also a robot operator and worked in CRUMP's department.

44. That RIVERA was responsible for determining when the employees received breaks.

45. During the course of CRUMP's employment, every employee of his department was provided with two 15-minutes breaks and one 30-minute lunch break.

46. That upon information and belief, the employees were to receive breaks in the order that they arrived on their shift.

47. That since CRUMP did the pre-operations, he was normally the first employee on the shift in his department.

48. On numerous occasions, CRUMP was not given a break and/or was the last to receive a break during his shift in his department even though he was the first employee on said shift when the other employees who were Hispanic were given breaks first.

49. That on many occasions, the Hispanic employees would be allowed to take a break beyond the time allotted.

50. That CRUMP complained on numerous occasions to managers and supervisors about the disparate treatment he was receiving from RIVERA due to not receiving his breaks and not receiving his breaks in a timely manner pursuant to company policy.

51. That no action was taken to remedy the disparate treatment CRUMP was receiving by not properly receiving breaks.

52. That thereafter, CRUMP was constantly harassed for allegedly taking breaks past the allotted time that he was given when Hispanic employees were allowed to take breaks beyond the allotted time.

53. That during the course of CRUMP's employment with LITTLE LADY, he was offered a promotion to be a third shift sanitation supervisor.

54. That due to the constant harassment and discrimination by MEO, specifically when he was written up by MEO and suspended, CRUMP became ineligible for the above-referenced position.

55. CRUMP was given a written warning and suspended by MEO after CRUMP repeatedly complained to supervisors and management regarding the disparate treatment he was receiving.

56. That after CRUMP's continuous complaints to managers and supervisors regarding the disparate treatment he was receiving, he was notified that he would either be terminated or demoted and provided with three (3) options regarding his employment status: a) a leave of absence; b) resignation; or c) demoted to a position to which he had not prior experience outside of his department.

57. That CRUMP then held the position in the bakery, which was a demotion from his prior position, a position in which he was not trained, and a position in which they did not provide training to CRUMP.

58. That during the first day of employment in the bakery on or about February 19, 2018, CRUMP injured himself during the course of his employment.

59. That on or about February 20, 2018, CRUMP contacted MEO notifying him of his work injury, and that he would now be on Workers' Compensation and going to the doctor.

60. MEO advised CRUMP to only return to work and bring a doctor's note when he was cleared by the doctor to return to work.

61. That as a result, CRUMP followed MEO's instructions and returned to work on or about February 27, 2018.

62. That when CRUMP attempted to return to work pursuant to the instructions of MEO on February 27, 2018, he was stopped by the secretary and told he could not enter the building.

63. That thereafter, on the same day, MIRIAM, from Human Resources, spoke with CRUMP, confirmed that he was not to enter the building, and told him that her "hands were tied."

64. That subsequently, Evalyn Shiakallis, the Human Resources manager, contacted CRUMP and told him that he was being terminated for points accumulated. However, at the time of his termination, CRUMP had only accumulated 2.5 points out of a 12-point scale.

65. That during the course of his employment, one of CRUMP's, PATRICK's and MEO's Supervisors was Zefarino ("ZEFARINO"), last name unknown, a Hispanic.

66. That during the course of his employment, CRUMP also complained of the discrimination and harassment to Phil Layden ("LAYDEN"), a Caucasian plant manager, and CRUMP was told to follow procedure and speak with ZEFARINO, a Hispanic manager, who was also discriminating against CRUMP at the time.

9

67. That thereafter, CRUMP went to ZEFARINO at least 10 to 15 times to complain of the disparate treatment he was receiving as an African American.

68. That ZEFARINO failed to remedy the discrimination and harassment CRUMP complained to him about and in failing to do so contributed to the disparate treatment CRUMP was receiving.

69. That on the day of CRUMP's termination, he held the position he was demoted to in the bakery.

## COUNT I
### Title VII Race Discrimination

70. Plaintiff restates and realleges paragraphs 1-69 as if specifically set forth herein.

71. 42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against an employee on the basis of race.

72. Defendant violated 42 U.S.C. § 2000e-2(a) by treating CRUMP differently than similarly situated Caucasian and Hispanic employees because of his race.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Find that LITTLE LADY discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964;
B. Award compensatory and punitive damages to the maximum amount provided by statute;
C. Award all back pay lost since the date of termination plus pre-judgment interest;
D. Award attorney's fees, expert witness fees, and costs as provided by law;
E. Award forward pay due to decrease in earnings;
F. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; for forward pay due to decrease in lower earnings; and
G. Grant such additional relief as this Court deems just and proper.

## COUNT II
### Title VII Race Harassment – Hostile Work Environment

73. Plaintiff restates and realleges paragraphs 1-72 as if specifically set forth herein.

10

74. 42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against an employee on the basis of race and affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult.

75. CRUMP belongs to a protected group.

76. CRUMP was repeatedly subjected to unwanted harassment based on his race as set forth above.

77. LITTLE LADY knew and/or should have known of the harassment and failed to take prompt remedial action.

78. At all times hereto, CRUMP acted reasonably under the circumstances.

79. LITTLE LADY is liable for the racial harassment due to a hostile work environment inflicted upon CRUMP due to LITTLE LADY'S violation of Title VII of the Civil Rights Act of 1964 as set forth above.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Find that LITTLE LADY discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964;
B. Award compensatory and punitive damages to the maximum amount provided by statute;
C. Award all back pay lost since the date of termination plus pre-judgment interest;
D. Award attorney's fees, expert witness fees, and costs as provided by law;
E. Award forward pay due to decrease in earnings;
F. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; for forward pay due to decrease in lower earnings; and
G. Grant such additional relief as this Court deems just and proper.

## COUNT III
## TITLE VII RETALIATION

80. Plaintiff restates and realleges paragraphs 1-79 as if specifically set forth herein.

81. 42 U.S.C. § 2000e-3(a) makes it unlawful for an employer to discriminate against an employee because he opposes any practice which is unlawful under Title VII.

82. CRUMP'S opposition to LITTLE LADY'S actions described above, is protected under 42 U.S.C. § 2000e-3(a).

83. LITTLE LADY terminated CRUMP'S employment in retaliation for his protected conduct.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Find that Defendant LITTLE LADY discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964 and 29 C.F.R. § 1604.11(a);
B. Award of compensatory and punitive damages to the maximum amount provided by statute;
C. Award all back pay lost since the date of termination plus pre-judgment interest;
D. Award attorney's fees, expert witness fees, and costs as provided by law;
E. Award forward pay due to decrease in lower earnings;
F. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; for forward pay due to decrease in lower earnings; and
G. Grant such additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Marc P. Trent_____
One of Plaintiff's Attorneys

Douglas P. Trent (ARDC #2855070)
Marc P. Trent (ARDC #6324928)
TRENT LAW FIRM, P.C.
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
P: (630) 682-3100
F: (630) 682-3554
*attorneys@trentlawfirm.com*

## **CERTIFICATE OF SERVICE**

I, Marc P. Trent, do hereby certify that on March 1, 2019, I served the foregoing Complaint, upon the following:

Little Lady Foods, Inc.
c/o Brian B. Gilbert, Registered Agent
222 N. LaSalle Street, Suite 300
Chicago, IL 60601

And

Miracapo Pizza Company LLC
 d/b/a Little Lady Foods
c/o Brian B. Gilbert, Registered Agent
222 N. LaSalle Street, Suite 300
Chicago, IL 60601

/s/ Marc P. Trent
One of Plaintiff's Attorneys

Marc P. Trent (ARDC #6324928)
TRENT LAW FIRM, P.C.
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
P: (630) 682-3100
F: (630) 682-3554
*attorneys@trentlawfirm.com*